Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MICHAEL NICHOLAS SMITH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MICHAEL NICHOLAS SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>UNIFUND CCR, LLC, an Ohio limited liability company; LAW OFFICE OF KENOSIAN & MIELE, LLP, a California limited liability partnership; and KENNETH JOHN MIELE, individually and in his official capacity,<br><br>      Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

  Plaintiff, MICHAEL NICHOLAS SMITH, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I.  INTRODUCTION**

  1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

---

[1] Cal. Civil Code § 1788.1(a)(1).

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III.  VENUE

6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

7.   This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

### V.  PARTIES

8.   Plaintiff, MICHAEL NICHOLAS SMITH (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.   Defendant, UNIFUND CCR, LLC (hereinafter "UNIFUND"), is an Ohio limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 10625 Techwoods Circle, Cincinnati, Ohio  45242.  UNIFUND may be served as follows: Unifund CCR, LLC, c/o Unifund Corporation, 10625 Techwoods Circle, Cincinnati, Ohio  45242.  The principal business of UNIFUND is the collection of defaulted consumer

debts using the mails and telephone, and UNIFUND regularly attempts to collect defaulted consumer debts alleged to be originally due another.  UNIFUND is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  UNIFUND is vicariously liable to Plaintiff for the acts of LAW OFFICE OF KENOSIAN & MIELE, LLP, and KENNETH JOHN MIELE.[2]

10. Defendant, LAW OFFICE OF KENOSIAN & MIELE, LLP (hereinafter "K&M"), is a California limited liability partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 8581 Santa Monica Boulevard, #17, Los Angeles, California  90069-4120.  K&M may be served as follows: Law Offices of Kenosian & Miele, LLP, c/o John Paul Kenosian, General Partner, 8581 Santa Monica Boulevard, #17, Los Angeles, California  90069 and Law Offices of Kenosian & Miele, LLP, c/o Kenneth John Miele, General Partner, 8581 Santa Monica Boulevard, #17, Los Angeles, California  90069.  The principal business of K&M is the collection of defaulted consumer debts using the mails and telephone, and K&M regularly attempts to collect defaulted consumer debts alleged to be due another.  K&M is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11. Defendant, KENNETH JOHN MIELE (hereinafter "MIELE"), is a natural person and licensed attorney in the state of California and is or was a general partner, director, employee, and/or agent of K&M at all relevant times.  MIELE may be served at his current business address at: Kenneth John Miele, Law Office of Kenosian & Miele, LLP, 8581 Santa Monica Boulevard, #17, Los Angeles, California  90069.  The principal purpose of MIELE's business is the collection of defaulted consumer debts due or alleged to be due another.  MIELE is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits

---

[2]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. MIELE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

13. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Citibank, N.A., and bearing the account number 5424-1805-7570-3639 (hereinafter "the debt"). The debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14. Plaintiff is informed and believes, and thereon alleges, that on a date unknown to Plaintiff, the defaulted debt was sold, assigned, or otherwise transferred from Citibank, N.A., to Defendant, UNIFUND CCR, LLC.

15. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

16. On or about January 15, 2013, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, San Mateo County, captioned *Unifund CCR, LLC v. Michael N. Smith, et al.*, Case No. CLJ-518954 (hereinafter the "*Unifund v. Smith* complaint"), which sought to collect $3,069.74 in damages.

17. A true and accurate copy of the *Unifund v. Smith* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18. Plaintiff is informed and believes, and thereon alleges, that the *Unifund v. Smith* complaint (Exhibit "1") was drafted by MIELE, approved and ratified by UNIFUND, and signed and verified by MIELE on behalf of K&M and UNIFUND.

19. The *Unifund v. Smith* complaint (Exhibit "1") stated that:

> On or about 1-8-09, defendant(s) breached the cardholder agreement by failing to make the minimum monthly payment due.

20. Plaintiff is informed and believes, and thereon alleges that the last charge on the Citibank, N.A., account was made by Plaintiff prior to January 14, 2009.

21. Plaintiff is informed and believes, and thereon alleges that the last payment on the debt was received by Citibank, N.A., prior to January 14, 2009.

22. The California of limitations to recover a defaulted consumer credit account is four years from the date of breach.[3]

23. Unifund's claims against Plaintiff had accrued more than four years prior to the filing of the *Unifund v. Smith* complaint (Exhibit "1"). "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[4]

24. On or about April 4, 2013, Plaintiff filed an Answer to the *Unifund v. Smith* complaint, in pro per.

25. A true and accurate copy of Plaintiff's Answer to the *Unifund v. Smith* complaint is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

26. Plaintiff's Answer (Exhibit "2") to the *Unifund v. Smith* complaint stated as

---

[3] See, Cal. Code of Civil Procedure § 337.
[4] *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

follows:

> After consultation with a lawyer from Community Legal of East Palo Alto, Ca., I was advised that the action taken against me by Unifund CCR, LLC has no legal bearing because it is past the statute of limitation for debt collection in California.

27. Thereafter, on or about April 11, 2013, Defendants served Plaintiff with Requests for Admission in the state court collection case.

28. A true and accurate copy of Defendants' Requests for Admission is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

29. Defendants' Request for Admission number 3 requests that Plaintiff, "Admit that you made payments on CITIBANK, NA credit card now bearing account number 5424180575703639 within the last four years," a statement known by Defendants to be false.[5]

30. Thereafter, Plaintiff, still defending himself in pro per, sent his discovery responses to Defendants via facsimile.

31. A true and accurate copy of Plaintiff's discovery responses, without attachments, is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

32. Plaintiffs response to Defendants' Request for Admission number 3 is "NO."

33. Thereafter, on or about May 16, 2013, Defendants mailed a "meet and confer" letter to Plaintiff.

34. A true and accurate copy of Defendants' "meet and confer" letter is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

35. Defendants' meet and confer letter (Exhibit "5") required that Plaintiff provide verified responses within 7 days, or "it may be necessary for our client to seek judicial intervention with respect to their discovery demands."

36. Thereafter, on or about June 10, 2013, Defendants served a Motion for Order to

---

[5] See, *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).

Deem Matters Admitted in the *Unifund v. Smith* case, asking the Court to deem as admitted the requests which included the known false statement in Request for Admission number 3.

37. A true and accurate copy of Defendants' Motion for Order to Deem Matters Admitted is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

38. Thereafter, on or about June 17, 2013, Plaintiff sought legal assistance from Consumer Law Center, Inc., and attorney Fred W. Schwinn agreed to represent him in the *Unifund v. Smith* matter.

39. On or about June 17, 2013, Plaintiff and his new counsel signed and served a Substitution of Attorney – Civil on Defendants.

40. A true and accurate copy of Plaintiff's Substitution of Attorney – Civil is attached hereto, marked Exhibit "7," and by this reference is incorporated herein.

41. At no time did Defendants inform Plaintiffs' counsel that a Motion for Order to Deem Matters Admitted had been filed.

42. Thereafter, on or about July 17, 2013, Defendants' Motion for Order to Deem Matters Admitted was granted by the state Court as unopposed.

43. A true and accurate copy of the Order granting Defendants' Motion for Order to Deem Matters Admitted is attached hereto, marked Exhibit "8," and by this reference is incorporated herein.

44. Immediately upon learning that Defendants had filed a Motion for Order to Deem Matters Admitted, that no opposition had been filed, and the state Court had granted the motion as unopposed, Plaintiff's counsel sought a stipulation setting aside the order. To their credit, Defendants immediately agreed to a stipulation setting aside the state court's order. A true and accurate copy of the Stipulation to Vacate Order Granting Plaintiff's Motion for Order to Deem Matters Admitted and Order

Thereon is attached hereto, marked Exhibit "9," and by this reference is incorporated herein.

45. Thereafter, on January 13, 2014, Defendants filed a Request for Dismissal of the state court action without prejudice.

46. A true and accurate copy of the Request for Dismissal is attached hereto, marked Exhibit "10," and by this reference is incorporated herein.

47. As a result of Defendants' filing and continuing to pursue the *Unifund v. Smith* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at his own expense thereby incurring actual damages in the form of attorney fees and costs.[6]

### VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

49. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

50. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

51. Defendant, UNIFUND, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

52. Defendant, K&M, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

53. Defendant, MIELE, is a "debt collector" as that term is defined by the FDCPA, 15

---

[6] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

U.S.C. § 1692a(6).

54. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

55. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

    c. Defendants attempted to collect a debt from Plaintiff using unfair and unconscionable means, in violation of 15 U.S.C. §§ 1692d and 1692f;

    d. Defendants attempted to collect a debt that was known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

56. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

57. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

58. Plaintiff brings the second claim for relief against Defendants, UNIFUND and K&M, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

59. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

herein.

60. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

61. Defendant, UNIFUND, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

62. Defendant, K&M, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

63. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

64. Defendants, UNIFUND and K&M, have violated the RFDCPA. The violations include, but are not limited to, the following:

   a. UNIFUND and K&M made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[7]

   b. UNIFUND and K&M misrepresented the character and or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[8] and

   c. UNIFUND and K&M attempted to collect a debt from Plaintiff using unfair and unconscionable means, in violation of Cal. Civil Code § 1788.17;[9]

   d. UNIFUND and K&M attempted to collect a consumer debt that was known by UNIFUND and K&M to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[10]

65. Defendants, UNIFUND and K&M's, acts as described above were done willfully

---
[7] 15 U.S.C. §§ 1692e and 1692e(10).
[8] 15 U.S.C. § 1692e(2)(A).
[9] 15 U.S.C. §§ 1692d and 1692f.
[10] 15 U.S.C. §§ 1692f.

and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

66. As a result of UNIFUND and K&M's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

67. As a result of UNIFUND and K&M's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

68. As a result of UNIFUND and K&M's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[11]

69. As a result of UNIFUND and K&M's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[12]

70. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

    a) Assume jurisdiction in this proceeding;

    b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

---

[11] 15 U.S.C.§ 1692k(a)(2)(A).
[12] 15 U.S.C.§ 1692k(a)(3).

1692d, 1692e, 1692e(2)(A), 1692e(10), and 1692f;

c) Declare that Defendants, UNIFUND and K&M, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against UNIFUND and K&M, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000 against UNIFUND and K&M, pursuant to Cal. Civil Code § 1788.17;[13]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[14] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MICHAEL NICHOLAS SMITH

---

[13] 15 U.S.C. § 1692k(a)(2)(A).
[14] 15 U.S.C. § 1692k(a)(3).

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL NICHOLAS SMITH, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
